[656 NYS2d 60]

In the Matter of MARION S. MARABLE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 7, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus*, Brooklyn, for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of this Court, dated December 2, 1996, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (ii) and (iii), upon a finding that he is guilty of professional misconduct immediately threatening the public interest based on his substantial admissions under oath that he committed acts of professional misconduct including, *inter alia*, conversion and commingling of escrow funds, and other

uncontroverted evidence of professional misconduct. By the same order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the matter was referred to J. Mitchell Rosenberg, Esq., as Special Referee, to hear and report. A hearing was to be conducted within 30 days. Pursuant to an order authorizing substituted service, a copy of the order was affixed to the door of 130-12 144th Street, South Ozone Park, New York, on January 16, 1997. On January 17, 1997, a copy of the order dated December 2, 1996 was mailed to the respondent at the address at which he was previously served.

The Grievance Committee now moves to discipline the respondent based upon his default. On February 12, 1997, the respondent was served with the notice of motion and accompanying affirmation by affixing a copy to the door of the aforementioned address and by mailing a copy to the respondent at the same address, via certified mail. The respondent has failed to respond to the motion to impose discipline upon his default.

The charges against the respondent, if established, would require the imposition of a disciplinary sanction. Inasmuch as the respondent has chosen not to appear or answer, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Marion S. Marable, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marion S. Marable is commanded to continue to desist and refrain from (1) practicing law in any form, either

as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.